IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JAMES HENRY SIMPSON,

    Plaintiff,

v.                                                                                 Civil Action No. **3:18CV796**

**MARTESHA BISHOP**, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forms pauperis* filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on May 9, 2019, the Court directed Plaintiff to file a particularized complaint and denied several motions. The Court explained:

> In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current terse and conclusory allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to particularize his complaint in conformance with the following directions and in the order set forth below:

    a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:18CV796."

    b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b).

Federal Rule of Civil Procedure 18(a) provides that: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Nevertheless, when a plaintiff seeks to bring multiple claims against multiple defendants, he must also satisfy Federal Rule of Civil Procedure 20 which provides:

    **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:

    **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). Accordingly, Plaintiff's Particularized Complaint must also comport with the joinder requirements. If Plaintiff fails to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.

> Plaintiff has filed several motions since the action was filed. First, Plaintiff filed a Motion to Amend his Complaint. (ECF No. 11.) Because Plaintiff may include any defendants or supporting facts in his Particularized Complaint, the Motion to Amend (ECF No. 11) is DENIED. Plaintiff also filed a Motion to Retrieve Documents in which he complains of the institution not sending or the Clerk's office not filing a "Motion to Add Defendant." (ECF No. 14, at 1.) Because Plaintiff may include any defendant in his Particularized Complaint, the Motion to Retrieve Documents (ECF No. 14) is DENIED.
>
> Finally, Plaintiff filed a Motion to Amend Clerical Error in which he complains of the Clerk's Office incorrectly applying certain partial filing fees to this action. (ECF No. 15.) Plaintiff has filed many actions in this Court, and the Court may apply filing fee payments to any action if they are not labeled for a specific action. To the extent that Plaintiff is paying an *initial* partial filing fee assessed by the Court, it is his responsibility to clearly identify at the time he sends the fee to the Court to which action the initial partial filing fee should be applied. Accordingly, the Motion to Amend Clerical Error (ECF No. 15) is DENIED.

(ECF No. 20, at 1–3 (omissions and alterations in original).)

On May 14, 2019, the Court received a submission entitled, "NOTICE" in which Plaintiff indicates that he "noticed a couple of discrepancies that [he] feels compelled to bring to this Court's attention and note my objection accordingly." (ECF No. 22, at 1.)[2] Most importantly, Plaintiff states that describing this action as one brought pursuant to 42 U.S.C. § 1983 "is inaccurate" and rather, "[t]he action [he] filed with this Court . . . is a 'criminal complaint'." (*Id.*) Plaintiff also indicates that it was inaccurate to deny his Motion to Amend because instead of adding new defendants to his particularized complaint, "[t]he basis for this 'Motion to Amend' was for me to re-file this 'criminal complaint' under the correct statute- which is Federal Rules of Criminal Procedure 3 and 4." (*Id.* at 2.) Plaintiff requests that the Court "note [his] objections" and "respectfully request[] that this honorable and superior court adjudicate [his] 'criminal complaint'." (*Id.*)

---

[2] The Court corrects the capitalization and spelling in the quotations from Plaintiff's submissions.

3

Although Plaintiff still has several days in which to comply with the Court's directives to file an appropriate particularized complaint, it appears from his "NOTICE" that he does not intend to do so. Upon Plaintiff's request, the Court will therefore review the action on the papers before the Court.

Plaintiff clearly intends to bring a criminal complaint against those involved in his state prosecution, including judges, attorneys, and police officers. Plaintiff has been told more than once that he may not do so, but he continues to ignore that directive. In another action dismissed this year, the Court explained to Plaintiff:

> Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Simpson's action. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). "[T]he Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Barron v. Katz*, No. 6:17–CV–195–KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Furthermore, Simpson as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the action will be DISMISSED AS FRIVOLOUS.

*Simpson v. Supreme Court of Va.*, No. 3:18CV547 (E.D. Va. Mar. 18, 2019) (alteration in original); (ECF No. 16, at 1–2.) Plaintiff's newest attempt to bring a criminal complaint against those involved in his state prosecution is legally frivolous. The Court also finds that Plaintiff fails to bring this action in good faith to vindicate his legal rights, but instead brings it maliciously to

4

harass those individuals involved in state criminal proceedings. Plaintiff remains undeterred from filing such suits. Accordingly, the action also will be DISMISSED as malicious. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136–38 (E.D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 463–64 (E.D.N.C. Mar. 19, 1987))); *cf. Saub v. Phillips*, No. 3:16CV414, 2017 WL 1658831, at *9 (E.D. Va. May 1, 2017) (dismissing as malicious action brought against judges and attorneys involved in state criminal prosecution where tone of allegations "indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration]" (alteration in original)), *aff'd*, 669 F. App'x 179 (2017).

Accordingly, the action will be DISMISSED as legally FRIVOLOUS and MALICIOUS. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 30 May 2019
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

5